PALM HOLDING CORP., Appellant, *v.* REGINA ELBAND, Respondent.

Judgment affirmed, with costs.

Hill, P. J., Crapser and Heffernan, JJ., concur; Bliss, J., dissents, with an opinion.

BLISS, J. (dissenting). This action is to recover expenditures made by plaintiff for the preservation and maintenance of certain real and personal property owned in common by the parties and located in Sullivan county. The defendant counterclaimed for moneys alleged to be due her as the result of a transaction between 1925 and 1929 involving the purchase, maintenance and sale of certain real estate located on Madison avenue in the city of New York. Plaintiff replied to the counterclaim with the defense of *res judicata*. The defendant has had judgment on this counterclaim and the plaintiff appeals. It contends that this counterclaim was an issue determined in a previous trial between the same parties.

The counterclaim is based on a transaction involving real property on Madison avenue in the city of New York. The defendant says she owned the property and on a sale by one Mrs. Plotkin, for whom the plaintiff Palm Holding Corp. is claimed to be a dummy corporation, there was due to the defendant $4,500

which she had invested in the Madison avenue real estate, together with one-half of a $6,000 profit on the sale.

In a previous action between the same parties, this Madison avenue real estate transaction was litigated in full. The record of that trial offered in evidence to sustain the defense of *res judicata*. The trial court sustained an objection to its receipt. Nevertheless in the opinion the court says that it has examined the entire record of that case and its conclusion is that such issue was not litigated. That record now is before me. It was before our court in *Palm Holding Corp.* v. *Elband* (253 App. Div. 781). It shows that on the previous trial the defendant Elband testified fully and completely as to all the details of the transaction with relation to the Madison avenue property, claiming that title to the property had been taken in her name and that she advanced $4,500 on the purchase price. She attempted to prove that when the Madison avenue property was sold Mrs. Plotkin retained $7,500, being Mrs. Elband's share of the profits and investment, and that the Sullivan county property was purchased with these funds in behalf of Mrs. Elband. Objection was made on the previous trial to the testimony about this Madison avenue transaction, but the referee received it upon counsel's statement that if the transaction was not in the pleadings he would amend them. Thereafter follows over one hundred printed pages of testimony dealing with the Madison avenue real estate transaction, it being the testimony of the defendant Elband as to the $4,500 which she had advanced on the purchase price, the sale of the premises by Mrs. Plotkin at $6,000 profit, one-half of which belonged to Mrs. Elband, as well as other advancements and details. Mrs. Elband was cross-examined at length and it was shown both by the cross-examination and by the rebuttal testimony of Mrs. Plotkin that the title was taken in their two names, that Mrs. Plotkin and her husband operated the premises for several years at a loss for the entire period of $8,906.76, and that finally the defendant Elband offered to and did convey her interest in the property to Mrs. Plotkin for a nominal consideration of $100 in order to avoid further losses.

At the conclusion of the prior trial the defendant Elband requested the official referee who heard and determined the action to find as a fact that the sums advanced by Mrs. Plotkin on behalf of the defendant Elband on the Sullivan county real estate were in reduction of an obligation due the defendant Elband by reason of the real estate transaction between Lena Plotkin and the defendant Elband in 1925 and concluded in 1929, which was the Madison avenue real estate transaction concerning which so much testimony had been taken. The official referee failed to make such finding and the defendant Elband filed an exception thereto. Thus the same identical question as to whether there were any moneys due Mrs. Elband from Mrs. Plotkin as the result of the Madison avenue real estate transaction begun in 1925 and concluded in 1929, was presented to the court for hearing and determination on the trial of the previous action and was passed upon by the court and determined against the defendant Elband. The issue was also reviewed by our court and we affirmed the judgment granted by the official referee. Nevertheless, Mrs. Elband has now been permitted to offer the same testimony all over again, to prove the same alleged facts, and this time the issue has been determined in her favor.

The trial court was in error in its refusal to receive in evidence the record of the previous trial showing all of these facts. It should have been received for

it demonstrated beyond doubt that the issue was once tendered by this same defendant Regina Elband, was heard and determined against her. The determination was affirmed by our court. (*Palm Holding Corp.* v. *Elband, supra.*)

I, therefore, dissent and vote to reverse the judgment and grant a new trial.